IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ADAM ELDRIDGE,

    Plaintiff,

v.                                              C.A. No.: 1:21-cv-144

REVIVAL CYCLES, INC., and
MARTIN ALAN STULBERG,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADAM ELDRIDGE (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, REVIVAL CYCLES, INC., and MARTIN ALAN STULBERG (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for unpaid overtime wages, minimum wages, contract wages, liquidated damages and reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, REVIVAL CYCLES, INC., maintains business offices in Austin, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Wimberly, Texas.

5. Defendant, REVIVAL CYCLES, INC., is a Delaware corporation and doing business in Austin, Texas.

6. Plaintiff, ADAM ELDRIDGE, was employed by Defendants from May 11, 2020 until November 19, 2020, as a welder/fabricator at the rate of $50,000.00 per year. Plaintiff made parts and pieces; shaped metal by hand; and other similar tasks.

7. Plaintiff's work hours varied, but the Plaintiff estimates that he worked an average of 55 hours per workweek in each week of his employment.

8. At all times material hereto, Defendant, MARTIN ALAN STULBERG, owned and operated a business named REVIVAL CYCLES, INC. in Austin, Texas.

9. Defendant, MARTIN ALAN STULBERG, at all times material hereto, maintained and exercised the authority to hire and fire the Plaintiff and other employees; maintained and exercised the authority to supervise and control the work schedules of the Plaintiff and other employees; controlled the conditions of

employment of the Plaintiff and other employees; and, determined the rate and method of payment for Plaintiff and other employees.

10. Defendants, REVIVAL CYCLES, INC., and MARTIN ALAN STULBERG, were employers of the Plaintiff as defined by the Fair Labor Standards Act.

11. Defendant, REVIVAL CYCLES, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, REVIVAL CYCLES, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce.  Specifically, Plaintiff regularly handled and utilized Jet Tools which are manufactured in Taiwan; a Lincoln Welder which is manufactured in Mexico; and a Harbor Freight Band Saw which was manufactured in China.

14. At all times material to this complaint, Defendant, REVIVAL CYCLES, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as

defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).   Specifically, Plaintiff welded and fabricated motorcycles.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.

## COUNT I UNPAID OVERTIME

16. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-15 above.

17. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

19. Defendants either knew about or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

20. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the

amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants, REVIVAL CYCLES, INC., and MARTIN ALAN STULBERG, for the following:

   a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II UNPAID MINIMUM WAGE

24. Plaintiff re-alleges paragraphs 1-14, *supra*, and incorporate them herein.

25. During the employment of the Plaintiff, Defendants willfully violated Sections 6 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at the then-current minimum wage for each hour worked in excess of 40 in a workweek.

26. Plaintiff worked for Defendants from November 11, 2020, through November 19, 2020, and was not compensated at a rate equal to or more than the then-current minimum wage.   In fact, Plaintiff was never compensated during this period of time.

27. Defendants either knew about or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to his obligations as an employer under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage.

30. As a result of Defendants' unlawful conduct, Plaintiff is entitled to

actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

31. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

32.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, REVIVAL CYCLES, INC., and MARTIN ALAN STULBERG, for the following:

e. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

g. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

h. Awarding Plaintiff such other and further relief as the Court deems just and proper.

### COUNT III BREACH OF CONTRACT

33. Plaintiff re-alleges paragraphs 4, 5 and 6, *supra*, and incorporate them herein.

34. This is an action for breach of contract.

35. Venue is proper in this district under 28 U.S.C. § 1367(a) because the claims that are so related to claims set forth in Counts I-II, *supra*, that they form part of the same case or controversy under Article III of the United States Constitution.

36. On or about May of 2020, Defendants offered employment to Plaintiff as a fabricator and welder at a rate of $50,000 per year.

37. On or about May of 2020, Plaintiff accepted Defendants' offer and began working for Defendant, REVIVAL CYCLES, INC., as a welder/fabricator at the rate of $50,000.00 per year.

38. The parties did not have any agreement written or otherwise, regarding the Defendant withholding any part of Plaintiff's wages.

39. In breach of the Parties Contract, Defendant illegally withheld at total of $961.54 in wages from Plaintiff's final weekly pay

40. As a result of Defendant's breach of the Parties contract, the Plaintiff has been damaged in the amount of $961.54, the total amount of the improper withholding of wages made by the Defendant.

41. All conditions precedent have occurred, have been waived, or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, REVIVAL CYCLES, INC., for the following:

   i. Awarding Plaintiff his unpaid wages

j.  Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

k.  Awarding Plaintiff reinstatement to his previous position with all rights and benefits associated with his position at the time of his termination,

l.  Awarding Plaintiff his reasonable attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. Code §38.001, and

m.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby makes demand a jury trial on all issues so triable.

Respectfully submitted this February 11, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**